UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GENEEN WILSON,

    Plaintiff,

v.

                            Case No.: 3:23-CV-01606

ABILITY RECOVERY SERVICES, LLC,

    Defendants.
_____/

**DEFENDANT ABILITY RECOVERY SERVICES, LLC'S**
**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Ability Recovery Services, LLC ("Ability"), by and through its undersigned counsel, submits this Answer in response to the Complaint filed by the plaintiff, Geneen Wilson, and states:

## I.    INTRODUCTION

1. Ability admits that plaintiff purports to bring this action pursuant to alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, but denies any violations, wrongdoing or liability to the extent alleged in ¶ 1.

## II.    JURISDICTION AND VENUE

2. Ability admits this Court had jurisdiction over this action.

3. Ability admits venue in this Court is proper.

## III.    PARTIES

4. In response to the allegations in ¶ 4 of the Complaint, Ability admits that the plaintiff is a natural person and further admits upon information and belief that plaintiff resides at the referenced address.

5. Ability admits only that it is a corporation with a registered agent at the address listed in ¶ 5 and that it does business in Pennsylvania. Except as specifically admitted, Ability denies the allegations in ¶ 5.

## IV. STATEMENT OF CLAIM

6. Ability denies the allegations in ¶ 6 as calling for a legal conclusion.

7. Ability denies the allegations in ¶ 7 as calling for a legal conclusion.

8. Ability denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9. Ability denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

### Count I – Violation of the Act

10. Ability reasserts the foregoing as if fully stated herein.

11. Ability denies the allegations in ¶ 11 as calling for a legal conclusion.

12. Ability denies the allegations in ¶ 12.

13. Ability denies the allegations in ¶ 13.

14. Ability denies the allegations in ¶ 14.

15. Ability denies the allegations in ¶ 15.

16. Ability denies the allegations in ¶ 16 as calling for a legal conclusion.

17. Ability denies the allegations in ¶ 17 as calling for a legal conclusion.

18. Ability denies the allegations in ¶ 18 as written and as Ability did not require consent to call plaintiff manually.

19. Ability denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief therein.

20. Ability denies that plaintiff is entitled to the relief sought.

21. Ability denies the allegations in ¶ 21.

22. Ability denies that plaintiff is entitled to the relief sought.

In response to the paragraph beginning with WHEREFORE, Ability denies that plaintiff is entitled to the relief sought.

## DEMAND FOR JURY TRIAL

23. The allegations in ¶ 23 do not set forth an averment to which a response is required.

## **AFFIRMATIVE DEFENSES**

1. The plaintiff's complaint fails to state a claim against Ability upon which relief can be granted.

2. Ability avers that at all relevant times and in all material respects, Ability complied with all Pennsylvania and federal laws and regulations applicable to its collection activities.

3. In the alternative, Ability avers that, pursuant to 15 U.S.C. § 1692, *et seq.,* to the extent a violation is established, any such violation was not intentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

4. In the alternative, Ability avers that the plaintiff has failed to mitigate any damages recoverable by her or to take other reasonable steps to avoid or reduce those damages.

5. Ability denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of Ability's purported violations.

6. None of the calls made to Plaintiff by Ability were not made with a dialer.

7. Ability did not use or leave messages with an artificial or pre-recorded voice.

WHEREFORE, Defendant Ability Recovery Services, LLC respectfully requests this Answer be deemed good and sufficient, that the plaintiff's lawsuit be dismissed with prejudice at plaintiff's costs, pursuant to federal and state law, that the plaintiff be ordered to pay the reasonable attorney's fees and costs for Ability, and for all other general and equitable relief.

Date: October 6, 2023                    Respectfully Submitted,

s/ Aaron R. Easley
Aaron R. Easley, Esq. (#73683)
SESSIONS, ISRAEL & SHARTLE, LLC
3 Cross Creek Drive
Flemington, NJ 08822
Telephone: (908) 237-1660
Facsimile:  (877) 344-0661
Email: aeasley@sessions.legal
Attorneys for Defendant
Ability Recovery Services, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2023 a copy of the foregoing was served on all counsel and parties of record electronically via CM/ECF and U.S. Mail.

Brett Freeman, Esq.
FREEMAN LAW
210 Montage Mountain Road
Moosic, PA 18507

/s/ Aaron R. Easley
Aaron R. Easley, Esq.
Attorney for Defendant