Attorneys for Plaintiff:

    Brett Freeman: Bar Number PA 308834
    FREEMAN LAW
    606 Hamlin Highway, Suite 2
    Lake Ariel, PA 18436
    Phone (570) 589-0010
    Facsimile (570) 456-5955
    Email brett@freeman.law

Attorneys for Defendant:

    Aaron R. Easley: Bar Number 73683
    Sessions Israel & Shartle, LLC
    3 Cross Creek Drive
    Flemington, NJ 08822
    Phone (908) 237-1660
    Facsimile (877) 334-0661
    Email aeasley@sessions.legal

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Geneen Wilson,<br>                Plaintiff,<br>v.<br><br>Ability Recovery Services, LLC,<br>                Defendant. | Docket 3:23-cv-1606-RDM<br><br>(Judge Robert D. Mariani)<br><br>FILED ELECTRONICALLY |

**PROPOSED JOINT CASE MANAGEMENT PLAN**

    Instructions: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan.  Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1.     Principal Issues**

1.1     Separately for each party, please give a statement summarizing this case:

By Plaintiff:   Defendant violated the Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter 'the Act'). Defendant made multiple calls to Plaintiff on a number assigned to a cellular telephone service using an artificial or prerecorded voice.

By Defendant:  Defendant denies the allegations.

1.2     The facts the parties dispute are as follows:

   All remaining facts.

agree upon are as follows:

1.3     The legal issues the parties dispute are as follows:

   All remaining legal issues.

agree upon are as follows:

1.4     Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

        None.

1.5     Identify any named parties that have not yet been served:

        None.

1.6     Identify any additional parties that:

plaintiff(s) intends to join:  None.

defendant(s) intends to join: None.

1.7     Identify any additional claims that:

plaintiff(s) intends to add: Plaintiff intends to file an amended complaint asserting a violation of the Fair Debt Collection Practices Act, 15 U.S.C. ss 1692c(c), ("the FDCPA"), which regulates the relationship between a debt collector and a consumer. Specifically, the Defendant left a message with Plaintiff that did not disclose the company calling or that the caller was a debt collector attempting to collect a debt.

defendant(s) intends to add: None.

**2.0     Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

    2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by <u>Plaintiff</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Geneen Wilson | Plaintiff |

Disclosed by <u>Defendant Ability Recovery Services, LLC</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| To be determined | Corporate Designee |

**3.0    Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|

**4.0    Discovery**

    4.1    Briefly describe any discovery that has been completed or is in progress:

    By Plaintiff(s):  Plaintiff will serve disclosures under Rule 26(a)(1) and written discovery requests.

    By Defendant(s):  Defendant will serve disclosures under Rule 26(a)(1) and written discovery requests.

4.2 Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

    Depositions of the authorized representative of Defendant, and deposition of plaintiff. Written discovery regarding the claims at issue. Deposition of the individual who left messages for Plaintiff.

4.3 Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

    None.

4.4 Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

    None.

4.5 For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

    4.5.1 depositions (excluding experts) to be taken by:

        Plaintiff(s): **10**    Defendant(s): **10**

    4.5.2   interrogatories to be served by:

        Plaintiff(s):  **25**     Defendant(s): **25**

    4.5.3   document production requests to be served by:

        Plaintiff(s):  **25**     Defendant(s):   **25**

    4.5.4   requests for admission to be served by:

        Plaintiff(s):  **25**     Defendant(s):   **25**

4.6    Discovery of Electronically Stored Information

☒ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

    The parties have agreed to reasonably exchange e-discovery

    information, and that the information will be exchanged in native

    format and PDF format.

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0   Protective Order**

5.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

        No protective order is sought at this time.

5.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**6.0   Scheduling**

    6.1   Final date for joining additional parties:

        May 31, 2024  Plaintiff(s)

        May 31, 2024  Defendant(s)

    6.2   Final date for amending pleadings:

        May 31, 2024  Plaintiff(s)

        May 31, 2024  Defendant(s)

    6.3   All fact discovery commenced in time to be completed by:

        November 29, 2024

    6.4   All potentially dispositive motions should be filed by:

        April 25, 2025

    6.5   Reports from retained experts due:

    from plaintiff(s) by December 27, 2024

    from defendant(s) by January 31, 2025

    6.6   Supplementations due February 28, 2025

    6.7   All expert discovery commenced in time to be completed by March 28, 2025

    6.8   This case may be appropriate for trial in approximately:

        __   240 Days from the filing of the action in this court

      __ X __ 365 Days from the filing of the action in this court
      _____ Days from the filing of the action in this court

6.9    Suggested date for the final Pretrial Conference:

      <u>May/2025</u>  (month/year)

6.10   Trial

      6.10.1 Suggested Date for the Trial:

          <u>June/2025</u> (month/year)

**7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

    I hereby certify that the following individual(s) have settlement authority.

For Plaintiff:

    <u>Geneen Wilson</u>
    Name

    <u>Plaintiff</u>
    Title

    <u>706 Tall Trees Drive</u>
    <u>Scranton, PA 18505</u>
    Address

    <u>(201) 492-7075</u>  Daytime Telephone

For Defendant Ability Recovery Services, LLC**:**

    <u>Aaron R. Easley</u>
    Name

    <u>Attorney</u>
    Title

>3 Cross Creek Drive
>Flemington, NJ 08822
>Address
>
>(908) 237-1660  Daytime Telephone

**8.0    Alternative Dispute Resolution ("ADR")**

    8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

        ADR procedure: Mediation. At the mediation, each party's counsel and Plaintiff will appear telephonically. Additionally, an officer of Defendant who has the full authority to settle the case on any terms will also appear telephonically.

        Date ADR to be commenced: One week after close of discovery.

        Date ADR to be completed: Three weeks after close of discovery.

    8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

    8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0    Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c), to have a magistrate judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:
        ____Y  _X_ N

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

\_\_\_\_\_Scranton/Wilkes-Barre

\_\_\_\_\_Harrisburg

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

10.1 Modifications from Discovery Rules:

10.2.1   Before noticing any deposition, counsel shall contact all counsel of record to determine mutually convenient times, dates and locations.

10.2.2   Depositions shall be conducted in accordance with the Rules of Civil Procedure.

**11.0   Identification of Lead Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

For Plaintiff:

Brett Freeman
FREEMAN LAW
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
(570) 589-0010

For Defendant:

Aaron R. Easley
Sessions Israel & Shartle, LLC
3 Cross Creek Drive
Flemington, NJ 08822
Phone (908) 237-1660

DATED:  1/22/2024         *s/ Brett Freeman*
                          Attorney(s) for Plaintiff(s)
                          ☒ ECF User(s)
                          ☐ Waiver requested (as separate document)
                          ☐ Fed.R.Civ.P.7.1 (statement filed if necessary)*
                          Brett Freeman
                          Bar Number PA 308834
                          FREEMAN LAW
                          606 Hamlin Highway, Suite 2
                          Lake Ariel, PA 18436
                          Phone (570) 589-0010
                          Facsimile (570) 456-5955
                          Email brett@freeman.law

DATED:  1/22/2024         *s/ Aaron Easley* (with consent)
                          Attorney(s) for Defendant(s)
                          ☒ ECF User(s)
                          ☐ Waiver requested (as separate document)
                          ☒ Fed.R.Civ.P.7.1 (statement filed if necessary)*
                          Aaron R. Easley: Bar Number 73683
                          Sessions Israel & Shartle, LLC
                          3 Cross Creek Drive
                          Flemington, NJ 08822

>Phone (908) 237-1660
>Facsimile (877) 334-0661
>aeasley@sessions.legal

\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.