THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENEEN WILSON, | : |
| Plaintiff, | : 3:23-CV-01606 |
| | : (JUDGE MARIANI) |
| v. | : |
| ABILITY RECOVERY SERVICES, LLC, | : |
| Defendant. | : |

## ORDER

A case management conference was conducted in the above-captioned matter on January 26, 2024. Participating on behalf of the Plaintiff was Brett Freeman. Participating on behalf of the Defendant was Aaron Easley. The purpose of this Order is to set forth the pretrial schedule established as a result of the conference.

**AND NOW, THIS 26TH DAY OF JANUARY 2024, IT IS HEREBY ORDERED THAT:**

1. Pursuant to the Expense and Delay Reduction Plan adopted by this Court, this case is assigned to the "Standard" case management track.

2. Motions to join additional parties shall be filed no later than **May 31, 2024.**

3. Motions to amend the pleadings shall be filed no later than **May 31, 2024.**

4. All fact discovery shall be commenced in time to be completed by **November 29, 2024.**

5. All potentially dispositive motions shall be filed no later **April 25, 2025.** If filing a motion for summary judgment, counsel shall provide the Court with a courtesy copy

of that motion, supporting brief, statement of material facts, and all accompanying exhibits. Counsel for the non-moving party shall also provide a courtesy copy of the brief in opposition to the motion for summary judgment and all accompanying responses and exhibits.[1]

6. Reports from **Plaintiff's** retained experts shall be due by **December 27, 2024.**

7. Reports from **Defendant's** retained experts shall be due by **January 31, 2025.**

8. Supplementations shall be due by **February 28, 2025.**

9. All expert discovery shall be commenced in time to be completed by **March 28, 2025.**

10. Scheduling of trial in this matter will be held in abeyance pending the expiration of the dispositive motion deadline and the resolution of any dispositive motions.

11. Should counsel be unable to resolve a discovery dispute, the party seeking relief shall contact Chambers at (570) 207-5750 and inform the Courtroom Deputy of the dispute. The party seeking relief shall thereafter promptly file a letter via CM-ECF,

---

[1] If a party files a motion for summary judgment, the only permitted responses by the non-moving party to the moving party's statement of material fact are: "admitted", "denied", or "admitted in part and denied in part." **No response by the non-moving party to a movant's statement of material fact which purports to be a denial of an asserted statement of material fact that uses the term "denied as stated" is permitted**. A party may, however, state that a statement of material fact is admitted, but deny that the fact or facts admitted are material. Further, to the extent that a party believes that a statement of material fact contains only conclusions of law, it may so state and deny the statement. In the circumstance where a party responds to a statement of material fact by stating that the statement is "admitted in part and denied in part", the party shall specifically state the portion of the statement which is admitted and the portion of the statement which is denied. Additionally, the party responding to any statement of material fact is prohibited from adding additional language to its admission or denial which is preceded by terms such as "by way of further answer" and is intended to add assertions of fact or argument extraneous to the party's admission or denial.

not to exceed two pages, requesting that the Court schedule a conference call and outlining the nature of the dispute and the relief sought. No party shall resort to the filing of a formal discovery motion without first attempting to resolve the issue through a discovery teleconference with the Court. Should the Court find briefing necessary upon the conclusion of the teleconference, it will so order.

Robert D. Mariani
United States District Judge