IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Geneen Wilson,<br>           Plaintiff<br><br>      v.<br><br>Ability Recovery Services, LLC,<br>           Defendant | Docket No. 3:23-cv-1606<br><br>(JUDGE ROBERT D. MARIANI)<br><br><br><br>ELECTRONICALLY FILED |

**AMENDED COMPLAINT**

## I.   INTRODUCTION

1.   This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter the "FDCPA"). Defendant made multiple calls to Plaintiff on a number assigned to a cellular telephone service using equipment regulated by the TCPA. Additionally, Defendant left messages for Plaintiff without providing the proper disclosures as required by the FDCPA.

## II.   JURISDICTION AND VENUE

2.   Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3) and 15 U.S.C. § 1692k.

1

3. Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendant transacts business here.

### III. PARTIES

4. Plaintiff is a natural person residing at 706 Tall Trees Drive, Scranton, PA 18505.

5. Defendant, Ability Recovery Services, LLC, is a corporation with a registered agent located at c/o Corporate Service Company, 2345 Rice Street, Suite 230, Roseville, MN 55113. At all relevant times, Defendant placed calls to individuals in this state.

### IV. STATEMENT OF CLAIM

6. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is, and at all relevant times was, a "consumer" as defined by 15 U.S.C. § 1692a.

8. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is, and at all relevant times was, a "debt collector" as defined by 15 U.S.C. § 1692a.

## *Count 1- Violation of the TCPA*

10. The foregoing paragraphs are incorporated herein by reference.

11. Congress enacted the Act to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."

12. Plaintiff has a cellular telephone number that she has had at all relevant times. Plaintiff has only used this number as a cellular telephone number, and does not believe that it was ever ported from a wireline service.

13. At all relevant times this phone number has been assigned to a cellular telephone service.

14. Defendant caused an unknown number of calls to Plaintiff's cell phone number.

15. Defendant's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

16. Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone and Plaintiff's cellular telephone line.

17. Defendant's phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

18. Some of the calls made to Plaintiff's cell phone were made using an artificial or prerecorded voice.

19. These telephone calls were not made for emergency purposes, as defined in 47 C.F.R. § 64.1200.

20. These telephone calls were not made with the Plaintiff's prior express consent.

21. These telephone calls were placed while Plaintiff was in the United States.

22. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call Defendant caused to be made to Plaintiff's cellular telephone number.

23. Plaintiff is also entitled to increased damages, as these calls were made willfully and/or knowingly, because Plaintiff specifically instructed Defendant to stop calling her

5

24. For each violation that was made willfully and/or knowingly, the Court may, in its discretion, increase the amount of the award to an amount equal to, but not more than, $1,500.00 per call.

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages in the amount of $500 to $1,500 per illegal telephone call, costs, and such other and further relief as the Court deems just and proper.

### *Count 1- Violation of the FDCPA*

25. The foregoing paragraphs are incorporated herein by reference.

26. When Defendant called Plaintiff, it was attempting to collect an alleged debt ("the Account").

27. The Account was incurred for personal, family, or household purposes.

28. The Account is a "debt" as that term is defined in 15 U.S.C. § 1692a.

29. Within the last year, Defendant, through a representative, called Plaintiff and left her a voicemail.

30. In the voicemail, Defendant's representative did not meaningfully disclose the caller's identity.

31.  In the voicemail, Defendant's representative did not state that the call was from a debt collector.

32.  The voicemail was a "communication" as that term is defined in 15 U.S.C. § 1692a.

33.  Additionally, prior to Defendant leaving the voicemail for Plaintiff, Plaintiff had already instructed Defendant to no longer call her.

34.  By continuing to call Plaintiff after specifically instructed otherwise, Defendant violated the FDCPA and the implementing regulations.

35.  The failure to provide a proper and meaningful identification is a violation of the FDCPA, 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(11).

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

### V.    DEMAND FOR JURY TRIAL

36.  Plaintiff demands a trial by jury as to all issues so triable.

*s/ Brett Freeman*

                                Brett Freeman
Bar Number: PA 308834
Freeman Law
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
Attorney for Plaintiff
Phone (570) 589-0010
Facsimile (570) 456-5955
Email brett@freeman.law

7